IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TROY H.,[1]

           Plaintiff,

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

Case No. 3:25-cv-01025-AB

OPINION & ORDER

Rory Linerud
Linerud Law Firm
PO Box 5734
Salem, OR 97304

      Attorney for Plaintiff

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Kevin Danielson
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Ryan Lu
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD, 21235

      Attorneys for Defendant

**BAGGIO, District Judge:**

Plaintiff Troy H. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI") for the period prior to February 7, 2022. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on February 7, 2022, alleging an onset date of December 31, 2014. Tr. 63.[2] Plaintiff's date last insured was March 31, 2015. Tr. 63. His application was denied initially and on reconsideration. Tr. 116, 135.

On March 13, 2024, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 43. On May 6, 2024, the ALJ issued a partially favorable decision, finding Plaintiff disabled as of February 7, 2022. Tr. 34. The Appeals Council denied Plaintiff's request for review. Tr. 1.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 7.

2 – OPINION & ORDER

## FACTUAL BACKGROUND

Plaintiff alleges disability based on cervical spondylotic myelopathy, cervical radiculopathy, attention deficit hyperactivity disorder ("ADHD"), generalized anxiety disorder, panic disorder, atypical depression, irritable bowel syndrome, gastric reflux disease, insomnia, and restless leg syndrome. Tr. 268. At the time of his alleged onset date, he was 24 years old. Tr. 63. He has a college degree and past relevant work experience as a "patient care technician/CNA" and a customer service order clerk. Tr. 31, 73.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner]

3 – OPINION & ORDER

acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after his alleged onset date. Tr. 19. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments:

> Since the alleged date of disability, December 31, 2014, the claimant has had the following severe impairments: degenerative disc disease with radiculopathy status post cervical discectomy, spondylosis with myelopathy. Beginning on the established onset date of disability, February 7, 2022, the claimant has had the following severe impairments: degenerative disc disease with radiculopathy status post cervical discectomy, spondylosis with myelopathy, depressive disorder, anxiety, and attention deficit hyperactivity disorder (ADHD).

Tr. 20. The ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 21.

4 – OPINION & ORDER

At step four, the ALJ concluded that prior to February 7, 2022, Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [H]e could stand and walk for a combined total of four hours; he could sit for six hours; he could occasionally climb ramps and stairs; he could never climb ladders ropes or scaffolds; he could occasionally balance, stoop, kneel, crouch, and crawl; he could occasionally reach overhead and could frequently reach in all other directions; and he could have occasional exposure to vibration and hazards.

Tr. 23. The ALJ also concluded that Plaintiff had the following additional limitations as of February 7, 2022:

> [H]e can understand, remember, and carry out simple instructions, and can use judgment to make simple work related decision[s]; he can deal with occasional changes in a routine work setting; he can occasionally interact with coworkers, and the public; and he would be absent from work 16 hours or more per month.

Tr. 25.

Because of these limitations, the ALJ concluded that Plaintiff could not perform his past relevant work. Tr. 31. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform before February 7, 2022, such as collator operator, power screwdriver operator, and marker. Tr. 32. Beginning on February 7, 2022, however, there were no jobs that Plaintiff could perform considering his age, education, work experience, and residual functional capacity. Tr. 32. Thus, the ALJ issued a partially favorable decision finding Plaintiff disabled as of February 7, 2022. Tr. 33.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a

5 – OPINION & ORDER

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff challenges the ALJ's partially favorable decision, arguing that the RFC finding Plaintiff disabled as of February 7, 2022—Plaintiff's application date—is not supported by substantial evidence. In support of his argument, Plaintiff points to the RFC's limitation that Plaintiff would miss two days of work per month and suggests that this significant limitation must stem from Plaintiff's mental health conditions, which the ALJ improperly found severe only as of Plaintiff's application date. Pl.'s Br. 4-13, ECF No. 8. Plaintiff also argues that the ALJ failed to explain how she arrived at her RFC as required by Social Security Ruling 96-8p. *Id.* at 14. The Court disagrees.

First, contrary to Plaintiff's assertions, the ALJ repeatedly identifies the source of Plaintiff's absenteeism and explains that it is the result of both Plaintiff's mental and physical limitations. Specifically, in discussing the opinions of various medical providers, the ALJ found that "the combination of his physical symptoms and mental symptoms would cause him to be absent from work." Tr. 29. Indeed, in evaluating an opinion from Plaintiff's therapist, the ALJ

6 – OPINION & ORDER

expressly noted that Plaintiff's absenteeism was not caused by Plaintiff's mental health conditions alone: "Although the undersigned is persuaded the claimant would miss 16 hours of work or more per month, this would be due to a combination of his mental and physical symptoms." Tr. 30. In sum, Plaintiff's argument that his absenteeism is attributable to his mental health conditions, alone, is not persuasive.

Second, the ALJ discussed the record at length in formulating the RFC and finding Plaintiff disabled as of February 7, 2022. For example, in formulating the first RFC, the ALJ noted that there was no evidence of mental health issues prior to Plaintiff's date last insured and that Plaintiff's treatment for his physical and mental conditions was limited prior to 2020. Tr. 24. In formulating the second RFC for the period after February 7, 2022, the ALJ noted Plaintiff's testimony that his fatigue and weakness have progressed over time and that Plaintiff's "daily chronic pain impacts his ADHD, which makes it hard to focus and keep up with daily tasks." Tr. 25. The ALJ went on to discuss Plaintiff's medical records at length, noting Plaintiff's worsening spinal condition requiring surgery in May 2022, Plaintiff's worsening joint issues, and Plaintiff's evolving mental health treatment between 2020 and 2024. Tr. 26-28. The ALJ concluded:

> Despite treatment, claimant's problems have persisted. The symptoms from his physical and mental impairments in combination result in significant functional limitations, which adversely impact the claimant's ability to perform basic work activity.

Tr. 29.

Substantial evidence supports the ALJ's analysis. There is very little medical evidence prior to 2020, and evidence in early 2022 shows significant progression of Plaintiff's impairments. Turning first to Plaintiff's physical impairments, medical records from 2013 and 2014 document Plaintiff's back injury in the immediate aftermath of his accident, *see* Tr. 391-470, and records from Plaintiff's primary care provider in 2020 and 2021 discuss Plaintiff's back

7 – OPINION & ORDER

condition and document referrals to neurosurgery, *see* Tr. 502, 541, 549. Plaintiff's condition appears to have worsened soon thereafter. In late 2021 and early 2022, Plaintiff's appointments with a neurosurgeon indicate that Plaintiff had a progressive condition called cervical myelopathy, which would likely continue to worsen without treatment. Tr. 669. That surgery occurred on May 13, 2022. Tr. 718. Plaintiff has experienced additional back pain, joint pain, and other injuries since his surgery. *See, e.g.*, Tr. 710, 784, 1013, 1024, 1289.

As for Plaintiff's mental health conditions, there are two pages of medical records documenting prescriptions for Ambien and klonopin from 2016 through 2018, but they contain little to no discussion of Plaintiff's mental health symptoms or diagnoses. Tr. 1473-74. Plaintiff has additional mental health records from 2020 through early 2022 that largely document medication management for his ADHD and anxiety. Tr. 510, 530-31, 576-641. Most of these records state that Plaintiff was "doing okay" on medications, Tr. 576-641, and those that show worsening symptoms are largely correlated with adjustments to his medications, *see* Tr. 533 (noting symptoms of benzodiazepine withdrawal). Then, in April 2022, Plaintiff established mental health care with a new provider, who diagnosed Plaintiff with PTSD and ADHD. Tr. 989-997, 1066. These records contain more detail as to the extent of Plaintiff's mental health treatment, showing symptoms of depression, anxiety, panic, trauma, and ADHD. *See, e.g.*, Tr. 1109-1110. Taken together, the record documents significant symptoms from both Plaintiff's mental and physical conditions beginning in early 2022, when Plaintiff's back condition required surgical intervention and Plaintiff began seeing a new therapist for his mental health conditions. The Court finds that the ALJ's partially favorable decision finding Plaintiff disabled as of February 7, 2022, is supported by substantial evidence in the record,

8 – OPINION & ORDER

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this __25th__ day of May, 2026.

_____
AMY M. BAGGIO
United States District Judge